1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     KENNETH W. McGRAW,                      No.  2:21-cv-00176 GGH P

12                     Petitioner,

13            v.                               ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14     CISNEROS, Warden,

15                     Respondent.

16

17            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18     corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

19     pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing

20     required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

21     28 U.S.C. § 1915(a).

22            In his habeas petition, petitioner alleges the state court has ignored his requests for his trial

23     documents including, discovery and transcripts in order to pursue a habeas action. Petitioner

24     appears to have sought his case documents from his court-appointed attorney, prosecutor, as well

25     as the trial court itself but has not received any response. Liberally construing petitioner's claim,

26     he might have stated a cognizable claim. Indigent criminal defendants are entitled to a trial

27     transcript on direct appeal. Griffin v. Illinois, 351 U.S. 12 (1956); see also Britt v. North Carolina,

28     404 U.S. 226, 227 (1971). However, after reviewing the habeas petition, the court finds that

                                               1

1  petitioner has failed to exhaust state court remedies.  The claims have not been presented to the

2  California Supreme Court.  Further, there is no allegation that state court remedies are no longer

3  available to petitioner.

4       The exhaustion of state court remedies is a prerequisite to the granting of a petition for

5  writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

6  explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

7  not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

8  highest state court with a full and fair opportunity to consider all claims before presenting them to

9  the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d

10  1083, 1086 (9th Cir. 1985), <u>cert. denied</u>, 478 U.S. 1021 (1986). Accordingly, the petition should

11  be dismissed without prejudice for failure to exhaust state remedies.[2]

12       Good cause appearing, IT IS HEREBY ORDERED that:

13       1.  Petitioner is granted leave to proceed in forma pauperis (ECF No. 2);

14       2.  The Clerk of the Court is directed to serve a copy of these findings and

15  recommendations together with a copy of the petition filed in the instant case on the Attorney

16  General of the State of California; and

17       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

18  corpus be dismissed for failure to exhaust state remedies.

19       These findings and recommendations will be submitted to the United States District Judge

20  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21  after being served with these findings and recommendations, petitioner may file written

22  objections with the court.  The document should be captioned "Objections to Findings and

23  ////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2021

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE
