UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. McGRAW, | No. 2:21-cv-00176 GGH P |
| Petitioner, | |
| v. | ORDER |
| CISNEROS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a fully unexhausted petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 2, 2021, the undersigned issued findings and recommendations recommending petitioner's application for a writ of habeas corpus be dismissed for a failure to exhaust his state remedies. ECF No. 7. On March 9, 2021, petitioner filed objections to the undersigned's findings and recommendations. ECF No. 9.[1] In his objections, it appears petitioner may be requesting a stay of this action while he pursues his state court remedies. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may

---

[1] Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1

1  not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the
2  highest state court with a full and fair opportunity to consider all claims before presenting them to
3  the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
4  1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). However, "a district court has the
5  discretion to stay and hold in abeyance fully unexhausted petitioners under the circumstances set
6  forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544
7  U.S. 269 (2005)).  Accordingly, the undersigned will provide petitioner an opportunity to move
8  for a stay under Mena and Rhines.
9       A district court may properly stay a habeas petition and hold it in abeyance pursuant to
10 Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).
11 Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an
12 unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has
13 been timely filed, such a stay "eliminates entirely any limitations issue with regard to the
14 originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at
15 1140. A petitioner qualifies for a stay under Rhines so long as (1) show good cause for his failure
16 to exhaust all his claims before filing this action; (2) explain and demonstrate how his
17 unexhausted claim is potentially meritorious; (3) describe the status of any pending state court
18 proceedings on his unexhausted claim; and (4) explain how she has diligently pursued his
19 unexhausted claim. Rhines, 544 U.S. at 277-78. Although good cause does not require
20 "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a
21 failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court
22 should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019,
23 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth
24 Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024.
25 ////
26 ////
27 ////
28 ////

Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).[2]

Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and abeyance in which he sets forth good cause for failure to exhaust his claims prior to filing his current federal habeas petition; that is unexhausted claims are meritorious; the status of any pending state court proceedings on his unexhausted claims and that he has not been dilatory in proceeding on his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued March 2, 2021 (ECF No. 7), is VACATED;

2. Petitioner shall inform the court, within thirty days from the date of this order, whether he shall seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) and Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016); and

3. Petitioner's failure to inform the court within the thirty-day deadline whether he seeks a stay will result in a recommendation that this action be dismissed without prejudice as fully unexhausted.

Dated: April 1, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[2] There is no point in advising petitioner about a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds*, Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), as there is no "fully exhausted" petition, i.e., at least some claims which could be considered exhausted, which could be utilized as a placeholder in this federal litigation. See also King v. Ryan, supra.